Kathleen BORING, Appellant,

v.

**CONEMAUGH MEMORIAL HOSPITAL, Appellee.**

Superior Court of Pennsylvania.

Argued Feb. 1, 2000.
Filed July 25, 2000.
Reargument Denied Oct. 5, 2000.

Michael A. Murphy, Pittsburgh, for appellant.

Heather A. Harrington, Hollidaysburg, for appellee.

Before DEL SOLE, EAKIN and TODD, JJ.

DEL SOLE, J.:

¶ 1 This is an appeal from a judgment entered in favor of defendant, Conemaugh Memorial Hospital (the Hospital), after a jury returned a verdict finding the Hospital was negligent, but that its negligence was not a substantial factor in bringing about Appellant's harm. Appellant filed post-trial motions seeking a new trial, which were denied. This appeal followed. We affirm.

¶ 2 This action was initiated by Appellant seeking recovery for a facial nerve injury she suffered following a surgery on her left ear at the Hospital. Appellant alleged that the surgeon performing the procedure encountered uncontrollable bleeding causing him to abort the procedure. Appellant's expert at trial testified that the excessive bleeding was caused by Appellant's use of the drug Naprosyn within days before surgery and this bleeding put Appellant at an increased risk for a facial nerve injury during surgery. Appellant offered evidence indicating that the nursing staff did not inform the surgeon his patient had used this drug within 72 hours of surgery, and that the nurses failed to utilize the "Chain of Command"

procedure of the Hospital to stop the surgery.

¶ 3 Appellant claims, as she did in her post-trial motions, that the court erred in failing to charge the jury on corporate negligence. The theory of corporate negligence was first recognized by our Supreme Court in *Thompson v. Nason Hospital*, 527 Pa. 330, 591 A.2d 703 (1991). Therein it was found that a hospital owes some non-delegable duties directly to its patients, without requiring an injured party to establish the negligence of a third party. *Id.* at 707. Under this doctrine, a hospital is liable if it fails to uphold the proper standard of care owed to its patient. The plaintiff must show that the hospital had actual or constructive knowledge of the defect or procedures which created the harm and that the hospital's negligence was a substantial factor in bringing about the harm. *Id.* at 708.

¶ 4 In explaining its decision rejecting Appellant's request for points for charge on corporate negligence, the trial court noted that the hospital did have a policy in effect to override a surgeon's decision to operate. The trial court remarked:

> The actual claim presented by Plaintiff was that the nurses failed to activate the policy in this instance. However, the Plaintiff presented no evidence that the Defendant Hospital had actual or constructive notice that the nurses had not followed the Chain of Command policy in this instance. Therefore, there can be no corporate negligence claim for failure to adopt or enforce adequate policies.

Trial court opinion at 6.

¶ 5 From our review the trial court correctly summarized Appellant's theory of the case. In her post-trial motions Appellant states:

> Plaintiff's theory was basically that Defendant was liable to Plaintiff because its nurses had failed to bring to the surgeon's attention that he was performing elective surgery in violation of his

own policy on a patient who had taken Naprosyn within 72 hours of surgery and that if the surgeon did not voluntarily postpone the operation that Conemaugh's supervisors and administrators, acting through its chain of command policy, should have prevented the surgery from going forward.

¶ 6 We agree with the trial court that this claim is one which, under the facts of this case, does not support a charge on corporate negligence. Appellant is not asserting that the Hospital did not have a chain of command policy, rather the claim is one that the nursing staff negligently failed to follow the instituted chain of command procedure. Appellant did not offer any evidence suggesting that the policy in place was deficient and that the Hospital knew or should have known of its deficiencies. It was not suggested that nurses were routinely failing to institute the chain of command procedure. The claim is simply that the nurses failed to act appropriately in this case. The Hospital's liability in this situation would be based solely on the negligent actions of its staff. The jury was charged on vicarious liability.

¶ 7 On appeal Appellant suggests that there was "systematic" negligence in this case. She maintains the Hospital did not have a specific policy concerning the use of this drug and that there was no policy in place to inform the staff about an individual surgeon's policy regarding the use of this drug prior to surgery. While such claim may support a theory of corporate negligence on behalf of the Hospital, the record presented to us on appeal fails to show that Appellant presented such a claim at trial. Further her post-trial motion indicates that this was not the theory she offered at trial. An appellant can not present one theory of relief in the trial court and pursue a different theory on appeal. *Samuel Rappaport Family Partnership v. Meridian Bank*, 441 Pa.Super. 194, 657 A.2d 17 (1995).

¶ 8 Appellant did offer evidence from the nursing staff which indicated that they were not told of any policy with regard to the use of this drug and that they were unaware of the surgeon's policy. Expert testimony was also presented opining that the use of Naprosyn was the likely cause of bleeding in this case. However, there is nothing in the record on appeal suggesting that the failure to have a policy regarding a patient's drug usage was substandard and that the hospital knew or should have known of its need to formulate a policy. No expert testimony is included in the record identifying standard procedures employed by hospitals regarding drug policies. Likewise, there is no evidence suggesting that this hospital failed to have a policy that other hospitals routinely employ or that it should have independently recognized a need for a specific drug policy.

¶ 9 In *Edwards v. Brandywine*, 438 Pa.Super. 673, 652 A.2d 1382 (1995) this court considered a claim regarding the deficiencies of the defendant-hospital's laboratory notification procedures. The court found that the hospital did have a notification procedure in place and that the plaintiff failed to provide any evidence "that a reasonable hospital" would require a different notification procedure. Similarly, in this case a chain of command procedure existed. The staff failed to follow that procedure. Appellant failed to offer evidence that "a reasonable hospital" would have had additional procedures regarding specific drug usage prior to surgery. While we may well imagine that it would be prudent or necessary for a hospital to have such a system in place, there is nothing in the record to suggest that the jury was so advised at trial. Appellant's theory at trial focused solely on failure to implement the chain of command theory and these facts did not warrant a corporate liability charge.

¶ 10 Judgment affirmed.

¶ 11 Judge TODD files a dissenting opinion.

TODD, J., dissenting:

¶ 1 Because I believe that under *Welsh v. Bulger*, 548 Pa. 504, 698 A.2d 581 (1997), an instruction on the issue of corporate negligence was appropriate in this case, I respectfully dissent.

¶ 2 In *Welsh v. Bulger*, an infant later died as the result of injuries negligently inflicted during delivery. Monitoring equipment indicated that the fetus was not receiving sufficient blood flow because the umbilical cord was compressed. Despite the indications that a cesarean section should be performed, the baby was delivered vaginally and suffered permanent injury. An expert report provided by the plaintiff indicated that the nurses should have known about the child's deteriorating condition and that their failure to notify hospital authorities resulted in the child's injuries.

¶ 3 Our Supreme Court held that, based on this report, the plaintiff had made a *prima facie* claim against the hospital for corporate negligence under *Thompson v. Nason Hosp.*, 527 Pa. 330, 591 A.2d 703 (1991). The Court said:

In support of her claims for corporate negligence, [plaintiff] relies on the expert report of Dr. Warner. She first claims this report establishes that the hospital was corporately negligent for the failure to monitor and report the child's condition, which is a violation of the duty to oversee all persons who practice medicine within its walls as to patient care, the third duty under *Thompson*. Read in the light most favorable to [plaintiff] as the nonmoving party, the report shows that Dr. Warner opined that the nurses breached the standard of care because they must have known that there was a problem with the delivery but failed to act on that knowledge. Dr. Warner concluded that this breach was a substantial factor in bringing about the harm to the deceased when he concluded that if the nurses had notified the hospital of the need for a cesarean section, then the injury would not have occurred. Thus, Dr. Warner's report is sufficient to support a *prima*

*facie* claim of corporate negligence for Nason Hospital's failure to oversee all persons who practice medicine within its walls as to patient care.

*Welsh,* 548 Pa. at 514–15, 698 A.2d at 586 (footnote omitted). Thus, in *Welsh,* the breach by the nurses of the duty to monitor and report was alone sufficient to support a claim of corporate negligence.

¶ 4 In the instant case, the evidence at trial showed that the nursing staff failed to inform the surgeon that the patient recently had taken Naprosyn. Under *Welsh,* this breach of the standard of care by the staff (the failure to report the patient's condition to the surgeon) supported a claim that the hospital violated its duty to oversee all persons who practice medicine within its walls as to patient care. The duty to oversee is one of the duties under *Thompson,* the breach of which supports a claim of corporate negligence. *Welsh,* 548 Pa. at 512–13, 698 A.2d at 585. Thus, I believe a corporate negligence instruction was appropriate on this basis.

¶ 5 Because the trial court erroneously failed to give a corporate negligence instruction, I would reverse and remand for a new trial. Accordingly, I respectfully dissent.